UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION )
FOUNDATION, INC., ANNE NICOL )
GAYLOR, ANNIE LAURIE GAYLOR, )
PAUL GAYLOR, DAN BARKER, )
PHYLLIS ROSE, and JILL DEAN, )
　)
   Plaintiffs, )
　) Case No. 08-CV-588
  v. )
　)
PRESIDENT GEORGE W. BUSH, )
WHITE HOUSE PRESS SECRETARY )
DANA PERINO, WISCONSIN )
GOVERNOR JIM DOYLE, and SHIRLEY )
DOBSON, CHAIRMAN OF THE )
NATIONAL DAY OF PRAYER TASK )
FORCE, )
　)
   Defendants. )
_____ )

**DEFENDANT SHIRLEY DOBSON'S MOTION FOR A MORE DEFINITIVE STATEMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS**

  Defendant Shirley Dobson, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(e), hereby moves to dismiss the Complaint for lack of subject matter jurisdiction, failure to state a claim, or in the alternative, for a more definitive statement. In support, Mrs. Dobson states as follows:

  1. Plaintiffs filed a Complaint, naming "Shirley Dobson, Chairman of the National Day of Prayer Task Force" ("NDP Task Force") as a defendant.

2. In the Complaint, Plaintiffs refer both to Shirley Dobson and the NDP Task Force. Plaintiffs' Complaint is vague and ambiguous and Mrs. Dobson cannot ascertain whether Plaintiffs are pursuing this matter against her individually, the NDP Task Force, or both.[1]

3. For instance, in ¶ 19 of the Complaint, Plaintiffs identify Shirley Dobson as a defendant but immediately, within the same paragraph, seem to treat the NDP Task Force ("an entity created for the express purpose of organizing and promoting National Prayer Day observances") as the actual allegedly offending party.

4. Mrs. Dobson is only referenced one more time in the Complaint, in ¶ 41, and this reference only serves to identify her as the wife of Dr. James Dobson, founder of Focus on the Family, without alleging anything related to the National Day of Prayer.

5. However, the NDP Task Force is referenced on almost every page of the Complaint and appears to be the party against whom Plaintiffs have a grievance.

6. For instance, ¶ 32 notes that the NDP Task Force identifies its website as the "Official Website" of the National Day of Prayer; ¶ 36 states that the mission of the NDP Task Force is "to communicate with every individual the need for personal repentance and prayer"; and ¶ 43 argues that "an objective observer would perceive the government's alliance with the NDP Task Force, [sic] to represent an endorsement of religion."

7. Thus, Plaintiffs' pleadings are unclear as to who is the object of their suit.

8. This information is not necessary in order for this Court to dismiss this case under Rule 12(b)(1) as Plaintiffs lack standing regardless of whether Plaintiffs sued Mrs. Dobson or the NDP Task Force. Plaintiffs failed to allege that they were injured in any particular way that is not shared by the general population. And even if Plaintiffs suffered an injury-in-fact, such an

---

[1] While it is standard practice to sue the head of a state department or agency rather than the state itself in order to avoid 11th Amendment immunity issues, Shirley Dobson is a private person and the NDP Task Force is a private organization.

injury would not be redressed by the remedy Plaintiffs seek – a retrospective declaratory judgment. Thus, Plaintiffs lack standing and this Court lacks subject matter jurisdiction.

9. In addition, this information is not necessary in order for this Court to dismiss this case under Rule 12(b)(6) as Plaintiffs have failed to state a claim regardless of whether Plaintiffs sued Mrs. Dobson or the NDP Task Force. Plaintiffs claim that Public Law 100-307, President Bush's 2008 Prayer Proclamation, and Governor Doyle's 2008 Prayer Proclamation are unconstitutional. However, prayer proclamations are constitutional as they arein line with the history and traditions of this nation in observing days of prayer and thanksgiving.

10. Mrs. Dobson has filed contemporaneously a memorandum in support of her motion to dismiss, and she incorporates that memorandum here.

11. However, if this case is to go forward, the identity of the private defendant is absolutely necessary to enable Mrs. Dobson to properly understand the allegations leveled against her and respond accordingly.

WHEREFORE, Mrs. Dobson requests that the Complaint be dismissed, or in the alternative, for a more definitive statement.

Dated: January 12, 2009

Respectfully submitted,

| | |
|---|---|
| Alan E. Sears, Esq* | /s/Joel Oster |
| Benjamin W. Bull, Esq.* | Joel Oster, KS Bar 18547 |
| ALLIANCE DEFENSE FUND | Kevin Theriot, KS Bar 21565 |
| 15100 N. 90th Street | ALLIANCE DEFENSE FUND |
| Scottsdale, Arizona | 15192 Rosewood |
| Tel: 480-444-0020 | Leawood, KS 66224 |
| Fx: 480-444-0025 | Tel: (913) 685-8000 |
| | Fax: (913) 685-8001 |
| | joster@telladf.org |

COUNSEL FOR DEFENDANT SHIRLEY DOBSON
*Motions pro hac vice to be submitted

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2009, I electronically filed a copy of the above using the ECF System for the Western District of Wisconsin, which will send notification of that filing to all counsel in this litigation who have entered an appearance, including counsel for plaintiffs.

/s/Joel Oster
Joel Oster
