## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

**FREEDOM FROM RELIGION**
**FOUNDATION, INC.; ANNE NICOL**
**GAYLOR; ANNIE LAURIE GAYLOR;**
**PAUL GAYLOR; DAN BARKER;**
**PHYLLIS ROSE, and**
**JILL DEAN,**

                **Plaintiffs,**

**v.**                                                    **Case No. 08-CV-588**

**PRESIDENT BARACK OBAMA; WHITE HOUSE**
**PRESS SECRETARY ROBERT L. GIBBS; WISCONSIN**
**GOVERNOR JIM DOYLE; and SHIRLEY DOBSON,**
**CHAIRMAN OF THE NATIONAL**
**DAY OF PRAYER TASK FORCE,**

                **Defendants.**

---

## FIRST AMENDED COMPLAINT

---

1.      This is an action by the plaintiffs seeking a declaration that Public Law 100-307 and Presidential and Gubernatorial Prayer Proclamations declaring an annual day of prayer and calling on citizens to pray violate the Establishment Clause of the First Amendment to the United States Constitution.  The plaintiffs also request that the Court enjoin said practices.

2.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue is appropriate in the District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(e).

4.      The plaintiff, Freedom From Religion Foundation, Inc. ("FFRF"), is a Wisconsin non-stock corporation whose principal office is in Madison, Wisconsin; FFRF is a membership organization working for the separation of church and state and to educate on matters of nontheism.

5. FFRF has more than 12,000 members, including members in every state of the United States, who are opposed to government endorsement of religion in violation of the Establishment Clause of the First Amendment to the United States Constitution.

6. FFRF's purposes are to promote the fundamental constitutional principle of separation of church and state and to educate on matters relating to nontheism.

7. The plaintiff, Anne Nicol Gaylor, resides in Madison, Wisconsin, and she is a lifetime member of and president emerita of FFRF, and a member of the FFRF Board of Directors, and she is a non-believer who is opposed to governmental endorsement of religion.

8. The plaintiff, Paul Gaylor, also resides in Madison, Wisconsin, and he is a lifetime member and Board member of FFRF, and he is a non-believer who is opposed to governmental endorsement of religion.

9. The plaintiff, Annie Laurie Gaylor, also resides in Madison, Wisconsin, and she is a lifetime member of and co-president of FFRF, and she is the editor of FFRF's periodical "Freethought Today," and she also is a non-believer who is opposed to governmental endorsement of religion.

10. The plaintiff, Dan Barker, also resides in Madison, Wisconsin, and he is a lifetime member of and co-president of FFRF, and he is Public Relations Director of FFRF, and he also is a non-believer who is opposed to governmental endorsement of religion.

11. The plaintiff, Phyllis Rose, also resides in Madison, Wisconsin, and she is a lifetime member of FFRF and Secretary of the FFRF Executive Council, and she is a non-believer who is opposed to governmental endorsement of religion.

12.     The plaintiff, Jill Dean, also resides in Madison, Wisconsin, and she is a lifetime member and a Board member of FFRF, and she is a non-believer who is opposed to governmental endorsement of religion.

13.     The defendant, Barack Obama, is the President of the United States of America.

14.     President Obama is sued in his official capacity as the President of the United States in this action seeking a declaratory judgment that Public Law 100-307, mandating Presidential Proclamations of a National Day of Prayer each year, violates the Establishment Clause of the First Amendment to the United States Constitution; an injunction is sought prohibiting said proclamations by President Obama.

15.     The defendant, Robert L. Gibbs, is the White House Press Secretary for President Obama.

16.     Secretary Gibbs is sued in his official capacity as the occupant of the Office of White House Press Secretary in this action seeking an injunction against future Presidential Prayer Proclamations.  Secretary Gibbs is responsible for projecting prayer proclamations to all of the citizens of the United States, including by foreseeable and intended reporting by news media; an injunction is sought against Secretary Gibbs prohibiting him from publishing and publicizing Presidential Prayer Proclamations.

17.     The defendant, Governor Jim Doyle, is the Governor of the State of Wisconsin.

18.     Governor Doyle is sued in his official capacity as the Governor of the State of Wisconsin; an injunction is sought against Governor Doyle prohibiting future Day of Prayer Proclamations.

19.    The defendant, Shirley Dobson, is the Chairman of the National Day of Prayer Task Force ("NDP Task Force"), 8605 Explorer Drive, Colorado Springs, Colorado 80935, an entity created for the express purpose of organizing and promoting National Prayer Day observances conforming to a Judeo-Christian system of values; Mrs. Dobson is responsible for overseeing and directing the promotion of National Day of Prayer observances.

20.    The Establishment Clause of the First Amendment to the United States Constitution prohibits government officials and persons acting in joint and concerted action with government officials from taking actions that endorse religion, including actions that prefer religion over non-religion.

21.    U.S. Presidents have issued and intend to continue to issue official Prayer Proclamations, including in 2009 and thereafter, declaring a National Day of Prayer, as mandated by Public Law 100-307; President Obama will continue to issue annual Prayer Proclamations, if not enjoined.

22.    The designation of a National Day of Prayer has the intent and the effect of giving official recognition to the endorsement of religion; a National Day of Prayer has no secular rationale; the purpose of the National Day of Prayer is to encourage individual citizens to pray.

23.    Prayer is an inherently and quintessentially religious activity.

24.    Exhortations to pray in official Presidential proclamations, directed at all the citizens of the United States, including these plaintiffs, constitute an end in themselves intended to promote and endorse religion.

25.    Presidential Proclamations of a National Day of Prayer inherently violate the Establishment Clause of the United States Constitution by endorsing religion over non-religion.

4

26.    Press Secretaries publicly disseminate Presidential Prayer Day Proclamations.

27.    Presidential prayer proclamations violate the Establishment Clause by giving the appearance to an objective observer that the government prefers Judeo-Christian religious beliefs over other religious beliefs, including by aligning and partnering with the NDP Task Force as the official organizer of the National Day of Prayer, under the personal direction of Mrs. Dobson.

28.    President George Bush's 2008 Prayer Proclamation, for example, exhorted each citizen to pray and also expressly incorporated the NDP Task Force Theme and Biblical reference as part of the official Prayer Proclamation of the United States.

29.    President Bush's 2008 Proclamation stated:

> On this National Day of Prayer, we ask God's continued blessings on our country. This year's theme, "Prayer!  America's Strength and Shield," is taken from Psalm 28:7, "The Lord is my strength and my shield; my heart trusts in Him and I am helped."  (Exhibit 1.)

30.    President Bush adopted and incorporated the NDP Task Force Theme and Biblical reference as part of his National Day of Prayer Proclamation, but this Theme and Biblical reference were not otherwise mandated by Congress in any way; instead President Bush aligned the Office of the President with the NDP Task Force in joint and concerted action to endorse religion in violation of the Establishment Clause; the NDP Task Force is under the direction and control of Mrs. Dobson.

31.    The joint action between President Bush and the NDP Task Force in proclaiming and designating a National Day of Prayer indicated to objective observers a government preference for and endorsement of the religious creed of the NDP Task Force.

32.    The NDP Task Force identifies itself as the National Day of Prayer "Official Website," under the direction and control of Mrs. Dobson.

33. President Bush, for his part, embraced the NDP Task Force, including by incorporating content requested by the Task Force into his official Prayer Proclamation, said request directed and controlled by Mrs. Dobson.

34. President Bush's alliance with the NDP Task Force created the intended impression that the NDP Task Force and the government were working hand-in-glove in organizing the National Day of Prayer, including through the efforts of Mrs. Dobson.

35. The collaborative relationship between the NDP Task Force and the Presidency indicates to an objective observer that the President prefers and endorses the religious principles of the NDP Task Force, under the direction and control of Mrs. Dobson.

36. The evangelical mission of the NDP Task Force is to "communicate with every individual the need for personal repentance and prayer."

37. Allegedly in accordance with Biblical truth, the NDP Task Force seeks to publicize and preserve America's alleged Christian heritage; encourage and emphasize prayer; and glorify the Lord in word and deed, which activities Mrs. Dobson oversees and directs.

38. The NDP Task Force even requires that volunteer coordinators sign statements of belief that the "Holy Bible is the inerrant Word of the Living God."

39. The NDP Task Force represents a Judeo-Christian expression of the National Day of Prayer observance, based on the NDP Task Force belief that the United States was birthed in prayer and in reverence for the God of the Bible.

40. The NDP Task Force, in turn, has close ties to Focus On The Family, an aggressively evangelical religious organization.

41. The chairman of the NDP Task Force is Shirley Dobson, who is married to Focus On The Family Board Chairman and founder, James Dobson; Mrs. Dobson oversees and directs the activities of the NDP Task Force, including as to the promotion of National Day of Prayer activities.

42. The NDP Task Force is located in the Focus On The Family headquarters.

43. Regardless whether any formal relationship exists between the NDP Task Force and Focus On The Family, an objective observer would perceive the government's alliance with the NDP Task Force, under the direction and control of Mrs. Dobson, to represent an endorsement of religion.

44. The NDP Task Force, under the direction and control of Mrs. Dobson, aggressively promotes a Judeo-Christian creed, with the purpose and intent of mobilizing the Christian community in prayer through the vehicle of the National Day of Prayer.

45. The NDP Task Force seeks to encourage prayer that is inherently religious and that is Christian.

46. The NDP Task Force explains its concept of prayer and why people should pray in explicitly Christian terms.

47. The joint and concerted action between U.S. Presidents and the NDP Task Force in issuing Prayer Proclamations, including those that expressly incorporate references to the NDP Task Force Theme and its Biblical precepts, clearly constitutes the endorsement of religion in violation of the Establishment Clause.

48. Mandated Prayer Proclamations by each President, exhorting citizens to pray, constitute unabashed endorsements of religion, which endorsements are projected nationwide by Presidential Press Secretaries.

49.     Official prayer proclamations exhorting citizens to engage in prayer create a bond between church and state, including by calls to others for the celebration of religion in public affairs.

50.     Sheriff Dean Roland, in Burnett County, Wisconsin, for example, organized a prayer breakfast in recognition of the National Day of Prayer on May 1, 2008, to which event Sheriff Roland invited attendees on official Sheriff Department letterhead.

51.     The keynote speaker at Sheriff Roland's Prayer Breakfast was Wisconsin Supreme Court Justice Michael Gableman, who was a sitting Circuit Court Judge in Burnett County, and had just been elected to the Wisconsin Supreme Court.

52.     Justice Gableman recognized the National Day of Prayer proclaimed by the President, and mandated by Congress, as an official acknowledgment that continued reliance on Divine providence is intrinsic to and necessary for our nation's success and well-being.

53.     Justice Gableman stated that Divine guidance animates the fundamental philosophy guiding our nation.

54.     Justice Gableman further advised those who lack faith in a Higher Power to "consider that science seems to be testing out what believers have known for centuries . . . There is evidence of an intelligent order of the Universe, of which both man and nature are subservient."

55.     Justice Gableman concluded by encouraging citizens to engage in prayer in order to fulfill the vision upon which the United States was allegedly founded.

56.     The remarks of Justice Gableman exemplify the public endorsements of religion that Presidential prayer proclamations bring forth in the public domain.

8

57.     Governor Doyle, in his official capacity as Governor of the State of Wisconsin, also annually issues Prayer Proclamations, including a 2008 proclamation, which extol prayer and exhort Wisconsin citizens to pray.

58.     Governor Doyle's Prayer Proclamations are intended as, and give the appearance of, Wisconsin's official endorsement of religion.

59.     Governor Doyle, also aligns his Proclamations with the NDP Task Force, including by incorporating Task Force official themes.

60.     As a result of pressure from, and the influence of the NDP Task Force, under the direction and control of Mrs. Dobson,  in fact, governors from all fifty of the United States now issue official proclamations declaring a National Day of Prayer on the first Thursday of May; in fact, in 2007, the NDP Task Force, under the direction and control of Mrs. Dobson, very publicly strong-armed the reluctant Governor of New York to issue a Pray Proclamation, to which pressure the Governor acquiesced.

61.     In 2008, fifteen of the state proclamations explicitly incorporated both the NDP Task Force's annual theme and Biblical reference.

62.     At the direction of Mrs. Dobson, the NDP Task Force acts in concert with such state governors to issue proclamations endorsing prayer in order to show official endorsement of such religious activity.

63.     At the direction of Mrs. Dobson, the NDP Task Force provides Biblical references for such proclamations that align the proclamations with the Judeo-Christian principles on which the Task Force is based.

64.    Many of the official state proclamations, like past Presidential proclamations, explicitly incorporate the NDP theme and chosen Biblical reference, as in 2008.

65.    The 2008 Proclamation by Arkansas Governor Mike Beebe, for example, stated that the Day of Prayer theme was "Prayer! America's Strength and Shield," and further stated "As David reminds us in the Book of Psalms: "The Lord is my Strength and Shield; my heart trusts Him and I am helped." These references derived explicitly from the NDP Task Force.

66.    Colorado Governor Bill Ritter, Jr., also conformed the Colorado Day of Prayer Proclamation to the NDP Task Force's theme, stating that "The National Day of Prayer acknowledges Psalm 28: 7 'The Lord is my Strength and Shield, my heart trusts in Him, and I am helped.' "

67.    Idaho Governor C.L. "Butch" Otter likewise aligned the Idaho 2008 Proclamation with the NDP Task Force, identifying "the motto of the National Day of Prayer and the State Day of Prayer to be 'Prayer! America's Strength and Shield, a reaffirmation of the Biblical exhortation in Psalm 28:7.' "

68.    Charlie Crist, Florida Governor, was another who incorporated the NDP Task Force theme and Biblical reference.

69.    Illinois similarly acted in concert with the NDP Task Force, stating that the theme for the National Day of Prayer 2008 was "Prayer! America's Strength and Shield," which was "inspired by the passage found in Psalm 28:7," according to Governor Blagojevich.

70.    The official 2008 Proclamation by Indiana Governor Mitchell E. Daniels, Jr., also paid tribute to the NDP Task Force theme, "inspired by the Scripture Psalm 28:7."

71.    Kentucky Governor Steven L. Beshear similarly recognized in his 2008 Proclamation the NDP Task Force theme for the National Day of Prayer, which he stated "is based on Psalm 28:7."

72.    The Louisiana 2008 Proclamation by Governor Bobby Jindal also incorporated the NDP Task Force theme and cited Psalm 28:7.

73.    Massachusetts Governor Deval L. Patrick was another Governor using the NDP Task Force references in his 2008 Proclamation, citing the theme "inspired by Psalm 28:7."

74.    Missouri Governor Matt Blunt also was on board with the NDP Task Force in his 2008 Proclamation, quoting Psalm 28:7, as well as the NDP Task Force National Day of Prayer theme.

75.    New Jersey Governor Jon S. Corzine joined with the other Governors in his 2008 Proclamation, quoting the NDP Task Force theme "which was taken from Psalm 28:7."

76.    John M. Huntsman, Jr., Governor of the State of Utah, cited the same NDP Task Force theme, said to be "inspired by Psalm 28:7."

77.    The 2008 proclamation by Virginia Governor Timothy M. Kaine also came from the NDP Task Force theme, which "comes from the Scripture Psalm 28:7."

78.    The Governor of Wyoming, Dave Freudenthal, also quoted Psalm 28:7, and incorporated the NDP Task Force theme.

79.    Dave Heineman, Governor of Nebraska, engaged in the same concert of action with the NDP Task Force in his 2008 Proclamation, citing the NDP Task Force theme, which "reflects the words in Psalm 28:7 that we find help as we trust in God."

80.    Other state proclamations also explicitly aligned themselves with the NDP Task Force theme for the 2008 Prayer Day.

81.    Other proclamations that make explicit reference to the NDP Task Force 2008 theme include proclamations by the Governor of Connecticut, M. Jodi Rell; the Governor of Delaware,

Ruth Ann Minner; the Governor of Georgia, Sonny Perdue; the Governor of Nevada, Jim Gibbons;

the Governor of New Mexico, Bill Richardson; the Governor of North Carolina, Michael F. Easley;

the Governor of Oklahoma, Brad Henry; the Governor of South Dakota, M. Michael Rounds; the

Governor of Tennessee, Bill Bredesen; and the Governor of Texas, Rick Perry.

82.    The concerted actions by these Governors to include the NDP Task Force theme

and/or Biblical reference were not accidental or coincidental; they were the result of joint action with

the NDP Task Force, at the direction of Mrs. Dobson.

83.    The influence of the NDP Task Force on the various governors is revealed by the

2008 Proclamation of the Governor of Montana, Brian Schweitzer, who actually addressed his

proclamation in the form of a letter to the Montana State Coordinator for the National Day of Prayer

Task Force, Pat Kempf.

84.    All of the governors have been influenced by the Presidential Proclamations of a

National Day of Prayer and the admonitions of the NDP Task Force, so that all of the states issued

proclamations declaring May 1, 2008 as a Day of Prayer, including Alabama Governor Bob Riley;

Alaska Governor Sarah Palin; Arizona Governor Janet Napolitano; California Governor Arnold

Schwartzenegger; Hawaii Governor Linda Lingle; Iowa Governor Chester J. Culver; Kansas

Governor Kathleen Sebelius; Maine Governor John E. Baldicci; Maryland Governor Martin

O'Malley; Michigan Governor Jennifer M. Granholm; Minnesota Governor Tim Pawlenty;

Mississippi Governor Haley Barbour; New Hampshire Governor John H. Lynch; New York

Governor David A. Paterson; North Dakota Governor John Hoeven; Ohio Governor Ted Strickland;

Oregon Governor Theodore R. Kulongoski; Pennsylvania Governor Edward G. Rendell; Rhode

Island Governor Donald L. Carcieri; South Carolina Governor Mark Sanford; Washington Governor Christine O. Gregorie; and Vermont Governor James H. Douglas

85.    Governor Joe Manchin III, Governor of the State of West Virginia, issued a 2008 prayer proclamation "encouraging all citizens to join in a national effort to better our country through increased spiritual awareness and active participation."

86.    Prayer proclamations by public officials, including proclamations by the President and governors of the United States, convey to non-religious Americans that they are expected to believe in God.

87.    Such official proclamations reflect the official policy of the Federal government and the states, sending a message that religion is preferred over non-religion.

88.    Many of the state proclamations also explicitly reference and align with the Presidential Proclamations, which Presidential Proclamations give the appearance of religious endorsement.

89.    Official prayer proclamations send a message that believers in religion are political insiders and non-believers are political outsiders.

90.    Official prayer proclamations are intended to convey a message of endorsement to each citizen with an exhortation that all citizens should engage in prayer.

91.    Official prayer proclamations are intended to be public and to become known by all citizens, to whom such prayer proclamations are directed; Presidential Prayer Proclamations constitute official government speech, projected to citizens throughout the United States, including via the internet and official press releases by Presidential Press Secretaries; designated National

Prayer Days are intended to be, and they are, reported in public media available to citizens everywhere through newspapers and television coverage.

92.    Official prayer proclamations are intended to be, and they are received by citizens, including the plaintiffs, as exhortations to pray.

93.    These exhortations to pray are received by the citizens of the United States as official proclamations directed from the President, and similar proclamations are directed at the citizens of each state by official proclamations by the governors of those states, including Governor Doyle in Wisconsin.

94.    Designations of an official Day of Prayer by Presidential and Gubernatorial proclamations, encouraging celebration of prayer, create a hostile environment for non-believers, who are made to feel as if they are political outsiders.

95.    The individual plaintiffs in this lawsuit, as well as members of FFRF in all 50 United States, are subjected to these unwanted proclamations to pray and resulting public celebrations of religion in the public realm, including as a result of dissemination of such proclamations by Presidential Press Secretaries.

96.    The individual plaintiffs know of the annual Presidential Prayer Proclamations projected throughout the nation, including the 2008 Day of Prayer Proclamation, and official celebrations; knowledge of the annual Prayer Proclamations has existed for many years by the individual plaintiffs, but the governmental celebration of the annual National Day of Prayer has increased dramatically in recent years.

97.    The individual plaintiffs have been exposed to past Presidential Prayer Proclamations through media reporting by newspapers and television, as well as from reporting by members and

non-members of FFRF, who object to the government endorsement of religion via a designated annual Day of Prayer.

98.    Each of the individual plaintiffs is a deliberately active, involved and informed citizen who is interested in the actions of government officials.

99.    Each of the individual plaintiffs make a point of trying to know what government speech is being disseminated and projected by public officials, including by the American President and the Governor of their home state of Wisconsin.

100.    The individual plaintiffs have a right to, and they do, seek to inform themselves about public affairs, including Presidential and Gubernatorial proclamations of officially designated days of prayer.

101.    The individual plaintiffs have a right to know, and they do know, that their President and Governor are officially proclaiming days of prayer.

102.    The individual plaintiffs know that their President and Governor annually proclaim an official day of prayer, including from media coverage, complaints by FFRF members and non-members, and investigation on behalf of FFRF and as citizens.

103.    The individual plaintiffs are not required to avoid information or to remain uninformed as to the official pronouncements of their elected officials, including the President of the United States.

104.    An informed citizenry is desirable and it has a right to know that its President and Governor are actively promoting religion.

105.    Presidential and Gubernatorial proclamations are not intended to be secret, and if they were secret, the individual plaintiffs would have a right to investigate and learn of such prayer

proclamations; here, these individual plaintiffs are well aware of Prayer Day Proclamations by U.S. Presidents and governors.

106.    The individual plaintiffs, as non-believers, are not required to avert their eyes, ears and minds to the official prayer proclamations of the President and the Governor.

107.    The Establishment Clause prohibits the public endorsement of religion by government officials, including by Presidents and governors, when that preference is a matter of official public record.

108.    Religious endorsement by public officials does not become constitutionally acceptable under the Establishment Clause merely because individuals informed themselves that it was occurring.

109.    The individual plaintiffs do know, including by investigation, that Presidential and Gubernatorial proclamations are publicly issued each year that do endorse religion; these proclamations are publicly available, lest they not be acted upon.

110.    Knowledge and awareness of government speech endorsing religion, even if sought, does not vitiate or negate the constitutional offense to non-believers, like the individual plaintiffs in this case.

111.    Government speech endorsing religion, even if bearing a government warning or otherwise made accessible only to religious believers, would still violate the Establishment Clause, including by sending a message that believers are political insiders.

112.    Presidential and Gubernatorial prayer proclamations, in any event, are not secret, and designated days of prayer are known to the individual plaintiff through generally available media.

16

113.    The individual plaintiffs are differentially affected by prayer proclamations because they are non-believers, in contrast to believers who are identified by such proclamations as political insiders.

114.    The individual plaintiffs, moreover, are aware of Presidential and Gubernatorial prayer proclamations as a result of their advocacy work on behalf of FFRF members, many of whom have complained to FFRF over the course of years about the government's official designation of days of prayer.

115.    FFRF has more than 12,000 members, including members in each of the United States, and one purpose of FFRF is to represent and advocate on behalf of these throughout the United States.

116.    Future and continued unwanted contact with exhortations and public celebrations of prayer by government officials is imminent because future prayer proclamations and designations of official prayer days by the President and Press Secretary, acting in their official capacities, as well as by the various governors of the States, are already planned for 2009.

117.    With more than 12,000 members throughout the United States, FFRF members will continue to be exposed to unwanted proclamations of prayer and public celebrations of religion in the public domain, including as the result of Secretary Gibbs's actions in projecting awareness of National Day of Prayer.

118.    Official days of prayer are intended to be known by, and acted upon by each individual citizen, regardless of their creed or non-belief; such proclamations create a culture of officially-sanctioned religiosity.

119.    Official prayer day proclamations by the President, acting in his official capacity, and disseminated by the President's Press Secretary, and proclamations by the various governors, acting in their official capacities, also adversely affect the organizational interests of FFRF.

120.    Prayer proclamations and designations of Days of Prayer give official institutional support to the endorsement of religion by government, acting in the public realm.

121.    FFRF, as an organization, has the mission and purpose to promote the Constitutional principle of separation of church and state and to educate on matters relating to nontheism.

122.    Official prayer proclamations by the President, and disseminated by his Press Secretary, and proclamations by the Governors of the United States adversely affect the ability of FFRF to carry out its organizational mission, including because such proclamations and designation of public Days of Prayer give formal institutional and governmental  recognition establishing religion.

123.    Official and institutional recognitions of religion in the public realm further call forth and encourage other public officials to engage in public ceremonies endorsing religion, including the quintessential religious act of prayer.

124.    The ability of FFRF to carry out its organizational mission to keep separate church and state is adversely affected by prayer proclamations and designations of Days of Prayer, because they precipitate and give official sanction to governmental endorsements of religion.

125.    Presidential prayer proclamations, for example, are frequently cited and incorporated in the resulting proclamations of the various governors as being authorized by the Federal government.

126.    Official proclamations of prayer, such as by the President and Governor Doyle, the governors of other states, and Secretary Gibbs, adversely affect the organizational interests of FFRF, and require the dedication of resources and time by FFRF, and they frustrate the accomplishment of FFRF's mission to keep separate church and state; Prayer Proclamations break down the separation of Church and State and contribute to improper governmental recognition of a preference for religion.

127.    The mandated actions of the American President, in his official capacity, in issuing prayer proclamations and dedicating days of prayer, and disseminated by his Press Secretary, violate the fundamental principle of the separation of church and state, including by actively and intentionally endorsing religion.

128.    The actions of Governor Doyle in issuing prayer proclamations and dedicating days of prayer also violate the fundamental principle of the Establishment Clause, as well as the Wisconsin Constitution, by giving the appearance of the government's official support for and advocacy of religion through the medium of prayer.

129.    Governor Doyle's actions in issuing prayer proclamations are taken in his official capacity and under color of law.

130.    Governor Doyle's actions violate the provisions of the United States and the Wisconsin Constitutions requiring the separation of church and state and prohibiting the endorsement of religion, and his actions also violate § 1983 of Title 42 of the United States Code.

131.    The actions of Mrs. Dobson also violate § 1983 and the Establishment Clause because the NDP Task Force, under her direction and control, has been and continues to act in concert and

collaboration with state officials to effect violations of the Establishment Clause by the governors of the various states, as well as in concert with the President.

132.    Mrs. Dobson continues to be a wilful participant with state and federal officials in joint action that violates the Establishment Clause through the various prayer proclamations, including those proclamations that explicitly align themselves with the NDP Task Force; Biblical references and Prayer Day themes, by the American President and the Governors from Arkansas, Colorado, Idaho, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Missouri, New Jersey, Nebraska, Utah, Virginia,  and Wyoming, each of whom issued proclamations in 2008 that explicitly incorporated the NDP Task Force Biblical reference to Psalm 28:7.

133.    The actions of the defendants are injurious to the interests of the plaintiffs individually, and to FFRF in its representative and organizational capacity, because the defendants' actions subject the plaintiffs to official admonitions and exhortations to pray, and expose them to unwanted endorsements of religion, which violate the Establishment Clause.

WHEREFORE, the plaintiffs demand judgment as follows:

A.    For judgment declaring that Public Law 100-307 is unconstitutional and enjoining its enforcement;

B.    For judgment declaring that prayer proclamations disseminated by Presidential Press Secretaries violate the Establishment Clause and enjoining their publication;

C.    For judgment declaring  that prayer proclamations by Governor Doyle designating a Day of Prayer and exhorting citizens to pray violate the Establishment Clause of the First Amendment to the United States Constitution and the Wisconsin Constitution and enjoining such future proclamations;

D.     For judgment enjoining Shirley Dobson from acting in concert with state and federal officials, in joint action that violates the Establishment Clause, including through joint and collaborative action with the President, the Presidential Press Secretary,  and state officials in Arkansas, Colorado, Connecticut, Florida, Idaho, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Missouri, Nebraska, New Jersey, Utah, Virginia, Wyoming, Delaware, Georgia, Nevada, New Mexico, North Carolina, Oklahoma, South Dakota, Tennessee, Texas, and Wisconsin;

E.     For judgment declaring that the actions of Governor Doyle and Shirley Dobson, in directing the activities of the National Day of Prayer Task Force, violate 42 U.S.C. § 1983;

F.     For judgment enjoining the defendants from issuing and disseminating further Prayer Day Proclamations and making designations of official days of prayer; and

G.     For judgment awarding the plaintiffs their reasonable costs, disbursements and attorneys fees, as allowed by law, from Governor Doyle and Shirley Dobson, pursuant to 42 U.S.C. § 1988.

Dated this 10th day of February, 2009.

BOARDMAN, SUHR, CURRY & FIELD LLP
By:


_____/s/ Richard L. Bolton_____
Richard L. Bolton
Wisconsin State Bar No.  1012552
1 South Pinckney Street, 4th Floor
P. O. Box 927
Madison, WI  53701-0927
Telephone:  (608) 257-9521
Facsimile:  (608) 283-1709
Attorneys for Plaintiffs

F:\DOCS\wd\26318\17\A0774604.WPD