IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION FOUNDATION,
INC.; ANNE NICOL GAYLOR; ANNIE LAURIE
GAYLOR; PAUL GAYLOR; DAN BARKER;
PHYLLIS ROSE, and
JILL DEAN,

        Plaintiffs,

        v.                                 Case No. 08-CV-588

PRESIDENT BARACK OBAMA; WHITE
HOUSE PRESS SECRETARY ROBERT L.
GIBBS; WISCONSIN GOVERNOR JIM DOYLE;
and SHIRLEY DOBSON, CHAIRMAN OF THE
NATIONAL DAY OF PRAYER TASK FORCE,

        Defendants.

---

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
BY DEFENDANT WISCONSIN GOVERNOR JIM DOYLE

---

Defendant Wisconsin Governor Jim Doyle ("Governor Doyle"), by his undersigned legal

counsel, as and for his Answer and Affirmative Defenses to Plaintiffs' First Amended

Complaint, hereby ADMITS, DENIES, and ALLEGES as follows:

        1.      ADMITS that the First Amended Complaint seeks the relief identified in

paragraph 1 for alleged violations of the Establishment Clause of the First Amendment to the

United States Constitution.  DENIES that plaintiffs are entitled to any of the relief claimed.

        2.      DENIES that paragraph 2 contains any factual allegations to which a responsive

pleading is required.  Alternatively, ADMITS that the statute cited in paragraph 2 gives federal

courts jurisdiction over legal claims of the type asserted by plaintiffs, but DENIES that this Court, in the present action, has jurisdiction over plaintiffs' claims against Governor Doyle.

3.      ADMITS that venue in the Western District of Wisconsin is proper.

4.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore DENIES same.

5.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore DENIES same.

6.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore DENIES same.

7.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore DENIES same.

8.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore DENIES same.

9.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore DENIES same.

10.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore DENIES same.

11.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore DENIES same.

12.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore DENIES same.

13.     ADMITS the allegation in paragraph 13.

14.     ADMITS any factual allegations that may be contained in paragraph 14.

15.     ADMITS the allegation in paragraph 15.

16.     ADMITS any factual allegations that may be contained in the first sentence of paragraph 16.  ADMITS that plaintiffs seek the injunctive relief identified in the second sentence of the paragraph, but DENIES that plaintiffs are entitled to the relief sought.   DENIES knowledge or information sufficient to form a belief as to the truth of any other factual allegations in paragraph 16, and therefore DENIES same.

17.     ADMITS the allegation in paragraph 17.

18.     ADMITS any factual allegation that may be contained in paragraph 18.

19.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore DENIES same.

20.     DENIES that paragraph 20 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions, ALLEGES that the Establishment Clause of the First Amendment to the United States Constitution and the judicial decisions interpreting and applying that provision speak for themselves.   Alternatively, ADMITS the allegations of the paragraph only to the extent that they correctly state the law and puts plaintiffs to their proof on that issue.

21.     ADMITS any factual allegations in paragraph 21 as to the Presidential Prayer Proclamation issued by President Bush in 2008.  DENIES knowledge or information sufficient to form a belief as to the truth of any allegations in the paragraph regarding other proclamations, and therefore DENIES same.

22.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations that may be contained in paragraph 22, and therefore DENIES same. With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial

- 3 -

decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.

23.     DENIES that paragraph 23 contains any factual allegations to which a responsive pleading is required.  With regard to any legal assertions that may be contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegation of the paragraph.

24.     DENIES that paragraph 24 contains any factual allegations to which a responsive pleading is required.  With regard to any legal assertions that may be contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

25.     DENIES that paragraph 25 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves. In the alternative, DENIES the allegations of the paragraph.

26.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore DENIES same.

27.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations that may be contained in paragraph 27, and therefore DENIES same. With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.

28.     In response to paragraph 28, ALLEGES that President Bush's 2008 Prayer Proclamation speaks for itself.  In the alternative: ADMITS that the 2008 proclamation "ask[s] the citizens of our Nation to give thanks, each according to his or her own faith, for the freedoms and blessings we have received and for God's continued guidance, comfort, and protection[,]" acknowledges that the theme of the 2008 National Day of Prayer was "Prayer! America's Strength and Shield," and includes a biblical quotation from Psalm 28:7.

29.     ADMITS the allegations in paragraph 29.

30.     ADMITS that President Bush's 2008 Prayer Proclamation indicated that the theme of the 2008 National Day of Prayer was "Prayer! America's Strength and Shield," and included a biblical quotation from Psalm 28:7.  DENIES knowledge or information sufficient to form a belief as to the truth of any other factual allegations that may be contained in paragraph 30, and therefore DENIES same.  With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, ADMITS that Congress did not mandate that the 2008 National Day of Prayer ("NDP") proclamation incorporate any NDP Task Force theme or any biblical reference.

31.     DENIES the allegations in paragraph 31.

32.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore DENIES same.

33.     DENIES knowledge or information sufficient to form a belief as to the truth of any allegations regarding requests to President Bush by the NDP Task Force, and therefore DENIES same.  Further ALLEGES that the phrase "embraced the NDP Task Force" is too vague or ambiguous to reasonably permit a responsive pleading.  In the alternative, DENIES any

allegations that President Bush's 2008 proclamation effected joint or coordinated action with the NDP Task Force that violated the Establishment Clause.

34.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations that may be contained in paragraph 34, and therefore DENIES same.  In the alternative, DENIES any allegations that President Bush's 2008 proclamation effected joint or coordinated action with the NDP Task Force that violated the Establishment Clause.

35.     DENIES knowledge or information sufficient to form a belief as to the truth of any allegations regarding Mrs. Dobson's involvement in the direction and control of the NDP Task Force, and therefore DENIES same.  DENIES that the remainder of paragraph 35 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.

36.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore DENIES same.

37.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore DENIES same.

38.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore DENIES same.

39.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore DENIES same.

40.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore DENIES same.

41.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore DENIES same.

42.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore DENIES same.

43.     DENIES knowledge or information sufficient to form a belief as to the truth of any allegations regarding Mrs. Dobson's involvement in the direction and control of the NDP Task Force, and therefore DENIES same.  DENIES that the remainder of paragraph 43 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.

44.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore DENIES same.

45.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore DENIES same.

46.     In response to paragraph 46, ADMITS that the internet website of the NDP Task Force has described the nature of prayer in Christian terms.  DENIES knowledge or information sufficient to form a belief as to the truth of any other allegations in paragraph 46, and therefore DENIES same.

47.     DENIES that paragraph 47 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves. In the alternative, DENIES the allegations of the paragraph.

48.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations that may be contained in paragraph 48, and therefore DENIES same. With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.   In the alternative, DENIES that National Day of Prayer proclamations issued by the President pursuant to Public Law 100-307 effect an unconstitutional endorsement of religion.

49.     DENIES that paragraph 49 contains any factual allegations to which a responsive pleading is required.   With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves. In the alternative, DENIES the allegations of the paragraph.

50.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore DENIES same.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

51.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore DENIES same.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

52.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore DENIES same.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

53.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore DENIES same.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

54.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore DENIES same.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

55.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore DENIES same.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

56.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations that may be contained in paragraph 56, and therefore DENIES same.  With regard to any legal assertions that may be contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

57.     In response to paragraph 57, ADMITS that Governor Doyle issued a 2008 proclamation that describes various positive characteristics of the practice of prayer and encourages Wisconsin citizens to pray in their own way for a variety of purposes.  ALLEGES that any allegations in the paragraph regarding other proclamations are too vague or ambiguous

to reasonably permit a responsive pleading or, alternatively, DENIES knowledge or information sufficient to form a belief as to the truth of any allegations in the paragraph regarding other proclamations, and therefore DENIES same.

58.    DENIES the allegations in paragraph 58.

59.    DENIES the allegations in paragraph 59.

60.    DENIES the allegations of  paragraph 60 as to Governor Doyle.  Further DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph as to the governors of any other states, and therefore DENIES same.  Additionally ALLEGES that allegations regarding governors of states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

61.    DENIES the allegations of paragraph 61 as to Governor Doyle's 2008 proclamation.  Further ALLEGES that, as to proclamations issued by any state other than Wisconsin, the allegations in the paragraph are too vague or ambiguous to reasonably permit a responsive pleading or, alternatively, DENIES knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore DENIES same.  Additionally ALLEGES that allegations regarding proclamations issued by states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

62.    DENIES the allegations in paragraph 62 as to Governor Doyle.  Further DENIES knowledge or information sufficient to form a belief as to the truth of any allegations regarding actions of Mrs. Dobson, the NDP Task Force, or other state governors, and therefore DENIES same.

63.     In response to paragraph 63, DENIES knowledge or information sufficient to form a belief as to the truth of any allegations regarding actions of Mrs. Dobson or the NDP Task Force, and therefore DENIES same.

64.     DENIES the allegations in paragraph 64 as to Governor Doyle's 2008 proclamation.  Further DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph as to proclamations issued by states other than Wisconsin, and therefore DENIES same.  Additionally ALLEGES that allegations regarding proclamations issued by states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

65.     In response to paragraph 65, ALLEGES that the 2008 Proclamation by Arkansas Governor Mike Beebe speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

66.     In response to paragraph 66, ALLEGES that the Colorado Day of Prayer Proclamation speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

67.     In response to paragraph 67, ALLEGES that the Idaho 2008 Proclamation speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

68.     In response to paragraph 68, ALLEGES that the 2008 Proclamation by Florida Governor Charlie Crist speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

69.     In response to paragraph 69, ALLEGES that the 2008 Proclamation by Illinois Governor Rod Blagojevich speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

70.     In response to paragraph 70, ALLEGES that the 2008 Proclamation by Indiana Governor Mitchell E. Daniels, Jr., speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

71.     In response to paragraph 71, ALLEGES that the 2008 Proclamation by Kentucky Governor Steven L. Beshear speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

72.     In response to paragraph 72, ALLEGES that the 2008 Proclamation by Louisiana Governor Bobby Jindal speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

73.     In response to paragraph 73, ALLEGES that the 2008 Proclamation by Massachusetts Governor Deval L. Patrick speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

74.     In response to paragraph 74, ALLEGES that the 2008 Proclamation by Missouri Governor Matt Blunt speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

75.     In response to paragraph 75, ALLEGES that the 2008 Proclamation by New Jersey Governor Jon S. Corzine speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

76.     In response to paragraph 76, ALLEGES that the 2008 Proclamation by Utah Governor John M. Huntsman, Jr., speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

77.     In response to paragraph 77, ALLEGES that the 2008 Proclamation by Virginia Governor Timothy M. Kaine speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

78.     In response to paragraph 78, ALLEGES that the 2008 Proclamation by Wyoming Governor Dave Freudenthal speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

79.     In response to paragraph 79, ALLEGES that the 2008 Proclamation by Nebraska Governor Dave Heineman speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

80.     DENIES the allegations of paragraph 80 as to Governor Doyle's 2008 proclamation.  Further ALLEGES that, as to proclamations issued by any state other than Wisconsin, the allegations in the paragraph are too vague or ambiguous to reasonably permit a

responsive pleading or, alternatively, DENIES knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore DENIES same. Additionally ALLEGES that allegations regarding proclamations issued by states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

81.     In response to paragraph 81, ALLEGES that each of the proclamations referenced in that paragraph speaks for itself. Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

82.     DENIES the allegations of paragraph 82 as to Governor Doyle. Further DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph as to the governors of any other states, and therefore DENIES same. Additionally ALLEGES that allegations regarding governors of states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

83.     In response to paragraph 83, ALLEGES that the 2008 Proclamation by Montana Governor Brian Schweitzer speaks for itself. Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

84.     DENIES the allegations of paragraph 84 as to Governor Doyle. Further DENIES knowledge or information sufficient to form a belief as to the truth of any allegations about influences on the governors of states other than Wisconsin or of any allegations about admonitions of the NDP Task Force and therefore DENIES same. Additionally ALLEGES that each of the proclamations referenced in paragraph 84 speaks for itself. Moreover ALLEGES that the allegations in the paragraph regarding the governors of states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

- 14 -

85.   In response to paragraph 85, ALLEGES that the 2008 Proclamation by West Virginia Governor Joe Manchin III speaks for itself.  Further DENIES that the allegations in the paragraph are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

86.   DENIES that paragraph 86 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

87.   In response to paragraph 87, ADMITS that official government proclamations reflect official government policy.  DENIES that the remainder of paragraph 87 contains any factual allegations to which a responsive pleading is required or, alternatively, DENIES those factual allegations.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.

88.   DENIES the allegations of paragraph 88 as to Governor Doyle's 2008 proclamation.  Further ALLEGES that, as to proclamations issued by any state other than Wisconsin, any factual allegations in the paragraph are too vague or ambiguous to reasonably permit a responsive pleading or, alternatively, DENIES knowledge or information sufficient to form a belief as to the truth of such factual allegations, and therefore DENIES same. Additionally ALLEGES that allegations regarding proclamations issued by states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.  With regard to all legal assertions contained or implied in the

paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.

89.     DENIES that paragraph 89 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

90.     DENIES that paragraph 90 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

91.     In response to paragraph 91, ADMITS that official prayer proclamations are intended to be public and to be known by citizens.  DENIES knowledge or information sufficient to form a belief as to the truth of any other factual allegations in paragraph 91, and therefore DENIES same.

92.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 92, and therefore DENIES same.

93.     ADMITS that, in 2008, day-of-prayer proclamations were issued by the governors of various states, including Wisconsin, and that such proclamations are intended to communicate with the citizens of their respective states.  DENIES knowledge or information sufficient to form a belief as to the truth of any allegations regarding how such proclamations are or have been received by citizens, and therefore DENIES same.

94.     DENIES that paragraph 94 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph,

ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

95.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore DENIES same.

96.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore DENIES same.

97.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and therefore DENIES same.

98.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore DENIES same.

99.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and therefore DENIES same.

100.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 100, and therefore DENIES same.

101.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 101, and therefore DENIES same.

102.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 102, and therefore DENIES same.

103.     DENIES that paragraph 103 contains any factual allegations to which a responsive pleading is required.

104.     DENIES that paragraph 104 contains any factual allegations to which a responsive pleading is required.

105.     In response to paragraph 105, ADMITS that presidential and gubernatorial proclamations are not intended to be secret.  DENIES knowledge or information sufficient to form a belief as to the truth of any allegations about the knowledge or awareness of the individual plaintiffs, and therefore DENIES same.  DENIES that the remainder of paragraph 105 contains any factual allegations to which a responsive pleading is required.

106.     DENIES that paragraph 106 contains any factual allegations to which a responsive pleading is required.

107.     DENIES that paragraph 107 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.

108.     DENIES that paragraph 108 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.

109.     DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 109, and therefore DENIES same.

110.     DENIES that paragraph 110 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.

111.     DENIES that paragraph 111 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.

112.     In response to paragraph 112, ADMITS that presidential and gubernatorial proclamations are not secret.  DENIES knowledge or information sufficient to form a belief as to

the truth of any allegations about the knowledge of the individual plaintiffs, and therefore DENIES same.

113.     DENIES that paragraph 113 contains any factual allegations to which a responsive pleading is required.   Alternatively, DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 113, and therefore DENIES same.

114.     DENIES knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 114, and therefore DENIES same.

115.     DENIES knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 115, and therefore DENIES same.

116.     In response to paragraph 116, ADMITS that Public Law 100-307 calls for the declaration of a National Day of Prayer in 2009, but DENIES knowledge or information sufficient to form a belief as to the truth of any other factual allegations that may be contained in the paragraph, and therefore DENIES same.

117.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and therefore DENIES same.

118.     As to official days of prayer in general, DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore DENIES same.  As to the 2008 proclamations by President Bush and Governor Doyle, ADMITS that those proclamations were intended to be communicated to individual citizens without regard to their creed or religious belief or non-belief.  DENIES that the remainder of paragraph 118 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause

and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.

119.    In response to paragraph 119, DENIES knowledge or information sufficient to form a belief as to the truth of any allegations about the organizational interests of Freedom From Religion Foundation, Inc. ("FFRF"), and therefore DENIES same.

120.    DENIES that paragraph 120 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

121.    DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore DENIES same.

122.    In response to paragraph 122, DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations about the actions or organizational mission of FFRF, and therefore DENIES same.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.  Further DENIES that the First Amended Complaint identifies any action by Governor Doyle that adversely affects any legally cognizable interests of FFRF or the individual plaintiffs.

123.    DENIES that paragraph 123 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

124.     In response to paragraph 124, DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations about the actions or organizational mission of FFRF, and therefore DENIES same.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.  Further DENIES that the First Amended Complaint identifies any action by Governor Doyle that adversely affects any legally cognizable interests of FFRF or the individual plaintiffs.

125.     DENIES the allegations of paragraph 125 as to Governor Doyle's 2008 proclamation.  Further DENIES knowledge or information sufficient to form a belief regarding the truth of the allegations in the paragraph as to the proclamations of governors of other states, and therefore DENIES same.  Additionally ALLEGES that allegations regarding proclamations issued by governors of states other than Wisconsin are not relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.

126.     In response to paragraph 126, DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations about the actions, organizational interests, or mission of FFRF, and therefore DENIES same.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves or, alternatively, DENIES those legal assertions.  Further DENIES that the First Amended Complaint identifies any action by Governor Doyle that adversely affects any legally cognizable interests of FFRF or the individual plaintiffs.

127.     DENIES that paragraph 127 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph,

ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

128.    DENIES the allegations in paragraph 128.

129.    ADMITS the allegations in paragraph 129.

130.    DENIES the allegations in paragraph 130.

131.    DENIES any factual allegations in paragraph 131 as to Governor Doyle.  Further DENIES knowledge or information sufficient to form a belief as to the truth of any factual allegations in the paragraph as to Mrs. Dobson, the NDP Task Force, the President, or the governors of other states, and therefore DENIES same.  With regard to all legal assertions, ALLEGES that 42 U.S.C. § 1983, the Establishment Clause, and the judicial decisions interpreting and applying those provisions speak for themselves or, alternatively, DENIES those legal assertions.

132.    In response to paragraph 132, ALLEGES that the 2008 proclamations by President Bush and by the governors of the states listed in that paragraph speak for themselves. Further DENIES that the allegations regarding proclamations from other states are relevant to any legal claims against Governor Doyle asserted in the First Amended Complaint.  Additionally DENIES knowledge or information sufficient to form a belief as to the truth of any allegations regarding actions of Mrs. Dobson, the NDP Task Force, or other state governors, and therefore DENIES same.

133.    DENIES that paragraph 133 contains any factual allegations to which a responsive pleading is required.  With regard to all legal assertions contained or implied in the paragraph, ALLEGES that the Establishment Clause and the judicial decisions interpreting and applying that provision speak for themselves.  In the alternative, DENIES the allegations of the paragraph.

- 22 -

Additionally DENIES that the First Amended Complaint identifies any action by Governor Doyle that adversely affects any legally cognizable interests of FFRF or the individual plaintiffs.

## DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief can be granted against defendant Doyle.

2.     Plaintiffs lack standing to assert their claims against defendant Doyle.

3.     Defendant Doyle's actions have at all times complied with the Wisconsin Constitution, the United States Constitution, and all other applicable state and federal laws.

4.     Defendant Doyle asserts each and every defense that may be available to him regarding any claims made against him under the Wisconsin Constitution.

5.     Defendant Doyle asserts each and every defense that may be available to him regarding any claims made against him under the United States Constitution.

WHEREFORE, defendant Wisconsin Governor Jim Doyle demands that judgment be entered in his favor denying all of the relief requested against him in the First Amended Complaint and granting him his costs and such further relief as the Court deems appropriate.

Dated this 9th day of March, 2009.

J.B. VAN HOLLEN
Attorney General

s/Thomas C. Bellavia
THOMAS C. BELLAVIA
Assistant Attorney General
State Bar #1030182

BRUCE A. OLSEN
Assistant Attorney General
State Bar #1009157

Attorneys for Defendant,
Wisconsin Governor Jim Doyle

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
Telephone:  (608) 266-8690 (TCB)
              (608) 266-2580 (BAO)
Fax:  (608) 267-2223
E-mail: *bellaviatc@doj.state.wi.us*
         *olsenba@doj.state.wi.us*

bellaviatc\cases\misc cases\ffrf v bush\pl\answer to amd compl 03-09-09.doc