IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREEDOM FROM RELIGION FOUNDATION, INC.,
ANNIE NICOL GAYLOR, ANNIE LAURIE GAYLOR,
PAUL GAYLOR, DAN BARKER, PHYLLIS ROSE
and JILL DEAN,                                                                    OPINION and ORDER

                          Plaintiffs,

                                                                   08-cv-588-bbc

    v.

President BARACK OBAMA,
White House Press Secretary ROBERT L. GIBBS,
Wisconsin Governor JIM DOYLE and
SHIRLEY DOBSON, Chairman of the
National Day of Prayer Task Force,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Freedom from Religion Foundation is a Wisconsin nonprofit organization devoted to preserving the separation of church and state. Plaintiffs Annie Nicol Gaylor, Annie Laurie Gaylor, Paul Gaylor, Dan Barker, Phyllis Rose and Jill Dean are members of the foundation. In this civil action, plaintiffs are challenging the constitutionality of the statute creating the National Day of Prayer, 36 U.S.C. § 119, the prayer proclamations issued by the President and the Wisconsin governor and the activities sponsored by the

1

National Day of Prayer Task Force. Defendants Barack Obama, Robert Gibbs and Shirley Dobson have moved to dismiss plaintiffs' first amended complaint on the grounds that plaintiffs lack standing to sue and that none of defendants' actions violate the establishment clause of the First Amendment. Defendant Jim Doyle has not moved for dismissal.

Defendants' arguments raise a number of important questions about the scope of Article III and the establishment clause. Although these arguments have merit and ultimately may be successful, I believe that they are premature. Defendants have not waited for summary judgment to seek dismissal of the case but instead are challenging the sufficiency of plaintiffs' complaint under Fed. R. Civ. P. 12(b)(1) and (6). However, the challenges raised by defendants are ill-suited for resolution on the pleadings.

For example, defendants Obama and Gibbs argue that plaintiffs have failed to set forth "specific facts" in support of their allegations that they have been harmed by defendants' actions and that the National Day of Prayer (and related activities) have the purpose and effect of promoting religion. The problem with this argument is that defendants are relying on the standard that governs motions for summary judgment rather than motions to dismiss. Fed. R. Civ. P. 56(e)(2). Similarly, defendant Dobson argues that plaintiffs may not establish standing by "roaming the country" looking for wrongdoing, <u>Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 487 (1982), but this argument assumes facts that plaintiffs do not allege.

2

Plaintiffs say only that they "seek to inform themselves about public affairs," they do not allege that their only contact with the National Day of Prayer proclamations and activities has been that which they sought out.

To state a claim upon which relief may be granted, a plaintiff need only draft a complaint that provides the defendants adequate notice and "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 07-1015, 556 U.S. – , slip op. at 14 (May 18, 2009). The Court of Appeals for the Seventh Circuit has interpreted this standard liberally. Although the court has acknowledged that Twombly "retooled federal pleading standards," Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007), in practice the court has applied a notice pleading standard that is little different from the standard before Twombly was decided. E.g., Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009) ("Plaintiffs need not lard their complaints with facts; the federal system uses notice pleading rather than fact pleading."); Doss v. Clearwater Title Co., 551 F.3d 634, 639 (7th Cir. 2008) ("The Supreme Court's decision in Erickson v. Pardus, 551 U.S. 89 (2007), put to rest any concern that Twombly signaled an end to notice pleading in the federal courts."); Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007) ("Taking Erickson and Twombly together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type

3

of notice of the claim to which the defendant is entitled under Rule 8."); EEOC. v. Concentra Health Services, Inc., 494 F.3d 773, 779 (7th Cir. 2007) ("Rule 8(a)(2)'s 'short and plain statement of the claim' must contain a minimal level of factual detail, although that level is indeed very minimal."); see also Vincent v. City Colleges of Chicago, 485 F,3d 919, 923 (7th Cir. 2007) ("Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b).")

In this case, I conclude that plaintiffs have alleged the minimum facts necessary to satisfy this circuit's pleading standards. With respect to standing, they allege that they were exposed to unwelcome religious speech in the form of prayer proclamations and other activities associated with the National Day of Prayer.  This is sufficient for the purpose of pleading to establish that plaintiffs have standing to sue. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 487 (1982) (plaintiffs have standing to sue for establishment clause violation when they are "subjected to unwelcome religious exercises or [are] forced to assume special burdens to avoid them"); Books v. City of Elkhart, 401 F.3d 857, 863 (7th Cir. 2005) (plaintiff's "unwelcome contact" with religious speech was sufficient to confer standing). Questions concerning whether plaintiffs' contact was sufficiently "direct" or "unwelcome" and whether they suffered an injury sufficiently "concrete" and "particularized" are best left for summary

4

judgment after the record has been developed.

With respect to the merits, plaintiffs allege that defendants' conduct has the purpose and effect of advancing religion. McCreary County, Kentucky. v. American Civil Liberties Union of Kentucky, 545 U.S. 844, 860 (2005) ("When the government acts with the ostensible and predominant purpose of advancing religion, it violates that central Establishment Clause value of official religious neutrality."); Books v. City of Elkhart, 235 F.3d 292, 304 (7th Cir. 2000) ("[C]ourts have a special responsibility to ensure that a government-sponsored display does not have the purpose or effect of endorsing a religion.") Although plaintiffs face a heavy burden in proving their claims, they should have an opportunity to do so. Burks, 555 F.3d at 594 (claim was "plausible on its face" for purpose of stating claim when "it [did] not stretch the imagination" to believe that plaintiff could prevail).

The cases defendants cite confirm the conclusion that their motions are premature. In almost all of these cases, the court resolved questions of standing or an establishment clause violation at summary judgment or trial. Hein v. Freedom From Religion Foundation, Inc., 127 S. Ct. 2553 (2007) (summary judgment); Van Orden v. Perry, 545 U.S. 677 (2005) (bench trial); ASARCO Inc. v. Kadish, 490 U.S. 605 (1989) (summary judgment); Raines v. Byrd, 521 U.S. 811 (1997) (summary judgment); Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (cross motions for summary judgment); Valley Forge, 454 U.S. at 469

5

(summary judgment); Books, 235 F.3d 292 (cross motions for summary judgment); Freedom From Religion Foundation, Inc. v. Zielke, 845 F.2d 1463, 1466 (7th Cir. 1988) (bench trial).

Defendants raise one argument that is not fact-dependent, which is that plaintiffs lack standing as a matter of law because their alleged injuries are too "generalized" in the sense that so many other Americans have been exposed to the prayer proclamations at issue. However, it appears that only two members of the Supreme Court hold a categorical view that a plaintiff does not have standing if her injury is shared by a large group of people. Hein v. Freedom From Religion Foundation, Inc., 127 S. Ct. 2553, 2582-83 (2007) (Scalia, J., and Thomas, J., concurring in the judgment) ("suits raising only generalized grievances do not satisfy Article III's requirement that the injury in fact be concrete and particularized"). The Court as a whole has taken a more nuanced, fact-specific approach. In Federal Election Commission v. Akins, 524 U.S. 11, 24 (1998), the Court stated that even "where an injury is widely shared [this] does not, by itself, automatically disqualify an interest for Article III purposes." Rather, the question is whether the harm is "sufficiently concrete." Id. Again, because the court of appeals has held that exposure to unwelcome religious speech may be sufficiently concrete in certain contexts, the resolution of that question is best left for summary judgment.

Accordingly, I conclude that best course in this case is to follow the advice of the

6

court of appeals in Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998), which is to "keep the case moving . . . [i]nstead of lavishing attention on the complaint." Defendants' motions to dismiss will be denied as well as defendant Dobson's motion in the alternative for a more definite statement. However, defendants are free to renew any of the arguments they raise in their motion to dismiss in the context of a motion for summary judgment after the record has been developed.

ORDER

IT IS ORDERED that

1. The motion to dismissed filed by defendants Barack Obama and Robert Gibbs, dkt. #47, is DENIED.

2. Defendant Shirley Dobson's motion to dismiss or, in the alternative, for a more definite statement, dkt. #45, is DENIED.

Entered this 26th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge